**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FEB 14 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROJAN BERMEJO TEVES, | No.   17-71247 |
| Petitioner, | Agency No. A204-271-056 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 10, 2022[**]
Phoenix, Arizona

Before:  MURGUIA, Chief Judge, and O'SCANNLAIN and GRABER, Circuit Judges.

Rojan Bermejo Teves petitions for review of the denial of his motion to reopen before the Board of Immigration Appeals ("BIA").  As the facts are known to the parties, we repeat them only as necessary to explain our decision.

---

 [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

 [**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

After an immigration judge denied Teves's request for voluntary departure, Teves appealed that decision to the BIA. The BIA affirmed the denial of voluntary departure. Teves then filed a motion to reopen, "request[ing] the opportunity to apply for asylum" and related relief. Teves contended that while his appeal was proceeding, Rodrigo Duterte had become president of the Philippines and had begun to wage a "war on drugs," resulting in thousands of "extrajudicial killings." The BIA denied the motion, concluding that Teves failed to "demonstrat[e] that he is at any individualized risk of harm, including persecution or torture, in his native country," primarily because he "has not alleged that he is a criminal, or in any manner involved in illicit drugs, or that he would be targeted on any other basis by the Duterte government."

Teves challenges only the BIA's denial of his motion to reopen. He asserts that the BIA abused its discretion when it purportedly failed to discuss Teves's "eligibility for asylum and withholding of removal based on his political opinion" and "failed to provide a clear picture and understanding of its reasoning." We disagree.

As an initial matter, the Government contends we lack jurisdiction to consider Teves's challenge because, the Government asserts, Teves never presented to the BIA his "political opinion" argument. The Government's support is its assertion that Teves "concedes that 'the argument presented [in his brief] was

2

never raised in [his] motion to reopen.' *Pet'r Br.* at 14, n. 2." But the purported concession to which the Government refers is as follows: "*The government has previously argued that this Court lacks jurisdiction over the issues raised in this petition for review as* the argument presented here was never raised in the Petitioner's motion to reopen." Teves was accordingly referring to the Government's own prior argument in its opposition to Teves's motion to stay removal. In fairness, Teves does then state, cryptically and without further analysis, that any failure to exhaust would not "bar review of the issue raised in this appeal and for the first time in Teves' opening brief." But this statement is no concession; it simply anticipates the Government's jurisdictional argument, which the Government had already previewed during briefing on Teves's motion to stay.

On the merits, however, Teves is unable to demonstrate a future risk of individualized persecution. Because Teves cannot show past persecution, he must show that he reasonably fears future persecution, which requires an "individualized, rather than a generalized, risk of persecution." *Bhasin v. Gonzales*, 423 F.3d 977, 984 (9th Cir. 2005). Yet, as the BIA correctly explained, Teves's "fear of generalized lawlessness[,] . . . without more, is not a basis for asylum or withholding of removal." In Teves's asylum application, submitted with his motion to reopen, he contended that he would be "subject to lawless acts of violence, widespread civil unrest, and, in general, the illegal acts of a government

3

that" violates "the rights and freedoms of all Filipinos." As is evident, Teves's own "general" description of "widespread civil unrest" and "illegal acts" that affect "all Filipinos" is not individualized.

Teves also asserts that the BIA failed to consider his "political opinion": that is, Teves's "position against Duterte's threats of invoking martial law and . . . apparent shift towards authoritarian rule." Yet Teves points to nothing in the record that "compels" a finding he has any such political opinion. *See I.N.S. v. Elias-Zacarias*, 502 U.S. 478, 483 (1992). Nor could he, as he submitted no personalized evidence beyond the "general" statements already discussed in connection with his motion to reopen. And even if he had sufficient opinion evidence, Teves never explains how such evidence would then "compel[]" a finding that *he* will be persecuted. *See id.* "He has not done so with the degree of clarity necessary to permit reversal of a BIA finding to the contrary; indeed, he has not done so at all." *Id.*

**PETITION DENIED.**